United States District Court
Southern District of Texas
FILED

MAR 3 0 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| AM-CAN TRANSPORT SERVICE, INC. § | |
| § | |
| Plaintiff, § | CIVIL ACTION NO. B-04-057 |
| § | |
| VS. § | |
| § | |
| KEMET CORPORATION and § | |
| ALLIANZ GLOBAL RISKS US § | |
| INSURANCE COMPANY, § | |
| § | |
| Defendants. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Am-Can Transport Service, Inc. ("Am-Can"), complaining of defendants, Kemet Corportation ("Kemet") and Allianz Global Risks US Insurance Company ("Allianz"), says as follows:

### PARTIES

1.1   Am-Can is a South Carolina corporation with a principal place of business in Anderson, South Carolina.

1.2   Kemet is a corporation with a principal place of business in Greenville, South Carolina.

1.3   Allianz is a corporation with a principal place of business in Burbank, California.

### JURISDICTION

2.1   This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. §1337 insofar as the matter in controversy arises out of loss and damage to goods in interstate commerce under 49 U.S.C. §14706.

2.2   The matter in controversy exceeds $10,000, exclusive of interests and costs.

2.3   This Court has jurisdiction to render a declaratory judgment pursuant to 28 U.S.C. §2201.

2.4   Venue is proper in this district under 28 U.S.C. §1391(b) insofar as the loss and damage to goods in interstate transportation occurred in this district.

### CAUSE OF ACTION

3.1   Am-Can is a motor carrier authorized by the United States Department of Transportation to transport goods in interstate commerce as a common carrier under docket number MC 140334.

3.2   On April 10, 2003, Am-Can received from Kemet at Simpsonville, South Carolina, a shipment of goods said to belong to Kemet for transportation to Kemet in Brownsville, Texas.

3.3   At the time of the receipt of the shipment, Am-Can issued a straight bill of lading to Kemet.

3.4   On April 11, 2003, the vehicle operated by Am-Can which was carrying the goods of Kemet pursuant to the bill of lading was involved in an accident near Kingsville, Texas, causing damage to the cargo.

3.5   Allianz claims to be the subrogated insurer of Kemet for the damage to the cargo.

3.6   Allianz and Kemet claim to have suffered a loss of $1,034,582 as a result of damage to the cargo caused in the accident on April 11, 2003.

3.7   Allianz, as the subrogated insurer of Kemet has demanded the sum of $1,034,582 for damage to the cargo caused in the accident of April 11, 2003.

3.8   The contract of carriage between Am-Can and Kemet, and applicable tariffs, rules, regulations and classifications require as a condition precedent to recovery

of damages for loss and damage to cargo in the course of transportation that a claim for loss or damage be presented to Am-Can in writing within nine months of the date of delivery.

3.9 A written claim which complies with the applicable tariffs, rules, regulations and classifications was not presented to Am-Can within nine months of the date of delivery of the cargo.

3.10 Am-Can is entitled to a declaration that Allianz and Kemet may not recover for any damages to the cargo by reason of the failure to present a proper written claim to Can-Am within nine months of the date of delivery of the cargo.

3.11 An actual controversy exists between the parties.

WHEREFORE, Am-Can respectfully requests judgment declaring that Allianz and Kemet may not recover damages from Am-Can for damage to Kemet's property which was caused by the accident of April 11, 2003, and for such other and further relief which the Court may deem just and proper.

Respectfully submitted,

SWEETMAN, SKAGGS & LAWLER, L.L.P.
855 East Harrison
Brownsville, Texas 78520
Telephone: (956) 544-4606
Fax:          (956) 544-0543

By: _____
    CHARLES E. SWEETMAN
    State Bar No. 19574500
    Federal I.D. No. 4710

ATTORNEYS FOR DEFENDANT
AM-CAN TRANSPORT SERVICE, INC