IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS,
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 2 0 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| AM-CAN TRANSPORT SERVICE, INCORPORATED, § § § Plaintiff, § § v. § KEMET CORPORATION; and § ALLIANZ GLOBAL RISKS US § INSURANCE COMPANY, § § Defendants. § | Civil Action No. B-04-057 |

**DEFENDANTS KEMET ELECTRONICS CORPORATION AND ALLIANZ GLOBAL RISKS US INSURANCE COMPANY'S MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) OR, ALTERNATIVELY, MOTION TO TRANSFER VENUE**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COME NOW, Defendants, Kemet Electronics Corporation, improperly named as Kemet Corporation, ("Kemet"), and Allianz Global Risks US Insurance Company, formerly known as Allianz Insurance Company ("Allianz Global Risks") (collectively "Defendants"), and file this Motion to Dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants also file this Motion to Dismiss pursuant to this Court's power to dismiss declaratory judgment actions under 28 U.S.C. §2201. Alternatively, Defendants file this Motion to Transfer Venue to the United States District Court of South Carolina. In support of their Motion, Defendants state as follows:

## I.
## BACKGROUND FACTS

1. On March 30, 2004, Plaintiff, Am-Can, filed this Declaratory Judgment Action in anticipation of Defendants filing a lawsuit against Am-Can. This Declaratory Judgment Action

was filed only after Defendants demanded payment from Am-Can or a lawsuit would be filed. Am-Can initially expressed an interest in exchanging information to discuss settlement and then Am-Can filed its Declaratory Judgment lawsuit in this Court. Am-Can's Declaratory Judgment lawsuit was filed for the sole purpose of preventing Kemet and Allianz Global Risks from properly choosing the forum to litigate this case.

2. Defendants filed a lawsuit in the United States District Court for South Carolina, on April 16, 2004.

3. The key parties in this dispute, Kemet and Am-Can, maintain their principal places of business in the District of South Carolina. All relevant documents, evidence, and witnesses are located in South Carolina and the United States District Court for the District of South Carolina is a proper venue to resolve the disputes between these parties.

## II.
## RELIEF REQUESTED

4. Defendants request this Court dismiss Am-Can's Original Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Am-Can filed this anticipatory Declaratory Judgment Action to deprive Kemet and Allianz Global Risks of the right to choose the forum for this litigation. Am-Can's Original Complaint is an improper use of the Declaratory Judgment Statute and should be dismissed. Am-Can's anticipatory declaratory judgment action fails to state a claim upon which relief can be granted and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

5. Moreover, this Court should exercise its authority under 28 U.S.C. §2201 and dismiss Plaintiff's anticipatory declaratory judgment action. There is a pending action in South

Carolina where all matters may be litigated; Am-Can filed its Original Complaint in anticipation of a lawsuit from Defendants; Am-Can filed its Original Complaint to choose the forum for this litigation; retaining this claim provides Am-Can with an inequitable precedence in the forum it chose; South Carolina is the most convenient forum for all parties and witnesses; and retaining the lawsuit in the Southern District of Texas does not serve judicial economy. Accordingly, Am-Can's Original Complaint should be dismissed pursuant to this Court's authority under 28 U.S.C. §2201.

6. Additionally, all of the relevant evidence and witnesses are located in South Carolina and the Southern District of Texas has only a slight connection to this dispute between two South Carolina-based corporations. The convenience of the parties and witnesses and the interests of justice favor transferring this case to South Carolina pursuant to 28 U.S.C. §1404(a).

7. Finally, if Defendants' Motion to Dismiss is denied and this court does not have enough information to decide the Motion to Transfer Venue, Defendants request the opportunity to conduct limited discovery for the purpose of determining the most convenient forum for this litigation.

**WHEREFORE PREMISES CONSIDERED,** Defendants Kemet Electronics Corporation and Allianz Global Risks US Insurance Company request that this Court grant their Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and pursuant to this Court's power to dismiss declaratory judgment actions under 28 U.S.C. §2201. Alternatively, Defendants request this Court grant their Motion to Transfer Venue to the more convenient forum of the United States District Court for the District of South Carolina, pursuant to 28 U.S.C. §1404(a). Defendants further pray for an opportunity to conduct limited discovery to

establish South Carolina is the most convenient forum for this litigation in the event Am-Can's Original Complaint is not dismissed and there is insufficient information for this Court to decide the Motion to Transfer Venue. Defendants also pray for such other and further relief to which they may be entitled.

Respectfully submitted,

By: *[signature]*

Brett A. Wallingford
Attorney in Charge
State Bar No. 00797618
S.D. No. 28071
ZELLE, HOFMANN, VOELBEL, MASON & GETTE, L.L.P.
1201 Main Street, Suite 3000
Dallas, Texas 75202-3975
Telephone: 214-742-3000
Telecopier: 214-760-8994

OF COUNSEL:

Kerry K. Brown
State Bar No. 03149880
S.D. No. 13892

ZELLE, HOFMANN, VOELBEL, MASON & GETTE, L.L.P.
1201 Main Street, Suite 3000
Dallas, Texas 75202-3975
Telephone: 214-742-3000
Telecopier: 214-760-8994

ATTORNEYS FOR DEFENDANTS KEMET ELECTRONICS CORPORATION AND ALLIANZ GLOBAL RISKS US INSURANCE COMPANY

## CERTIFICATE OF CONFERENCE

A conference was held between Charles Sweetman, counsel for Plaintiff, and Brent Bull, counsel for Defendants on the 16th day of April, 2004 wherein counsel for Plaintiff stated he was opposed to this motion.

_____
Brett A. Wallingford

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **DEFENDANTS KEMET ELECTRONICS CORPORATION AND ALLIANZ GLOBAL RISKS US INSURANCE COMPANY'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) OR, ALTERNATIVELY, MOTION TO TRANSFER VENUE** has been forwarded via Certified Mail, Return Receipt Requested, on this 19th day of April, 2004 addressed as follows:

Charles E. Sweetman, Esq.
**SWEETMAN, SKAGGS & LAWLER, L.L.P.**
855 E. Harrison
Brownsville, Texas 78520

_____
Brett A. Wallingford