IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS,
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 2 0 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| AM-CAN TRANSPORT SERVICE, INCORPORATED, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No.  B-04-057 |
| KEMET CORPORATION; and ALLIANZ GLOBAL RISKS US INSURANCE COMPANY, | § § § § | |
| Defendants. | § § | |

## DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) OR ALTERNATIVELY, MOTION TO TRANSFER VENUE

Brett A. Wallingford
Attorney in Charge
State Bar No. 00797618
S.D. No. 28071
**ZELLE, HOFMANN, VOELBEL, MASON & GETTE, L.L.P.**
1201 Main Street, Suite 3000
Dallas, Texas 75202-3975
Telephone:  214-742-3000
Telecopier:  214-760-8994

**ATTORNEYS FOR DEFENDANTS KEMET
ELECTRONICS CORPORATION AND ALLIANZ
GLOBAL RISKS US INSURANCE COMPANY**

## TABLE OF CONTENTS

**Page No.**

TABLE OF CONTENTS.................................................................................. ii, iii

TABLE OF AUTHORITIES ............................................................................. iv, v

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING ......................... vi

I.   STATEMENT OF THE ISSUES TO BE RULED UPON BY THE COURT .................... 1

II.  SUMMARY OF THE ARGUMENT ................................................................. 2

III. FACTUAL BACKGROUND ......................................................................... 3

IV. ARGUMENTS AND AUTHORITIES................................................................ 5

    A. Am-Can Filed This Declaratory Judgment Action In Anticipation Of A Lawsuit
       By Kemet And Allianz Global Risks...................................................... 5

    B. Am-Can's Complaint Should Be Dismissed Pursuant To This Court's Power
       Prescribed By 28 U.S.C. §2201(a)......................................................... 7

       (1) There Is A Pending Action In South Carolina Where All Matters May Be
           Litigated. ................................................................................. 8

       (2) Plaintiff Am-Can Filed Its Original Complaint In This Court In Anticipation
           Of A Lawsuit............................................................................. 8

       (3) Am-Can's Declaratory Judgment Action Was Blatant Forum Shopping.......... 8

       (4) Retaining This Declaratory Judgment Action Provides Am-Can With An
           Inequitable Precedence In The Forum It Chose........................................ 9

       (5) South Carolina Is The Most Convenient Forum For All Parties. .................. 9

       (6) Retaining The Lawsuit In The Southern District Of Texas Would Not Serve
           Judicial Economy........................................................................ 10

    C. Pursuant to 28 U.S.C. §1404(a) this Action Should Be Transferred To South
       Carolina....................................................................................... 10

       (1) Plaintiff Could Have Filed This Action In The District Of South Carolina. ... 11

       (2) Transfer Would Serve The Convenience Of The Parties And Witnesses And
           The Interests Of Justice.................................................................. 12

         a.  The Convenience Factors Weigh In Favor Of Transfer To South Carolina. 12

            i.   Relevant Books And Records Are Located In South Carolina............ 12

            ii.  Availability And Convenience Of Key Witnesses Favors South
               Carolina........................................................................ 13

            iii. Availability And Convenience Of The Parties Favors South Carolina. 15

            iv. The Place Of The Alleged Wrong Is South Carolina. ......................... 15

            v.  There Is No Possibility Of Delay Or Prejudice If Transfer Is Granted. 16

    b. The Public Interest Factors Also Favor Transfer To South Carolina. .......16

V. REQUEST FOR LIMITED DISCOVERY ......................................................................17

VI. CONCLUSION.........................................................................................................17

VII.PRAYER ..................................................................................................................18

# TABLE OF AUTHORITIES

## CASES

*909 Corp. v. Vil. of Bolingbrook Police Pension Fund,*
741 F.Supp. 1290, 1292 (S.D. Tex. 1990) ...........................................................................1, 6, 7, 8

*Amerada Petroleum Corp. v. Marshall,* 381 F.2d 661, 663 (5th Cir. 1967) ...................................6

*Black v. Warren,* 134 F.3d 732, 733-734 (5th Cir. 1998) ................................................................1

*Brillhart v. Excess Ins. Co. of Am.,* 316 U.S. 491, 494 (1942) ......................................................7

*Dupre v. Spanier Mar. Corp.,* 810 F.Supp. 823, 826 (S.D. Tex. 1993)....................................14, 15

*E.F. Hutton & Co. v. Cook,* 292 F.Supp. 409, 410 (S.D. Tex. 1968)..............................................9

*Granite State Ins. Co. v. Tandy Corp.,* 986 F.2d 94, 96 (5th Cir. 1992) .........................................6

*Houston Trial Reports, Inc. v. LRP Publ'ns, Inc.,* 85 F.Supp. 2d 663,
668 (S.D. Tex. 1999)...............................................................................................................2, 12

*In re Horseshoe Entm't,* 337 F.3d 429, 432 (5th Cir. 2003)...................................................2, 11

*Lindloff v. Schenectady Int'l,* 950 F.Supp. 183, 186 (E.D. Tex. 1996)...........................................17

*McGinnis v. Eli Lilly & Co.,* 181 F.Supp. 2d 684, 687 (S.D. Tex. 2002).......................2, 12, 13, 14

*Mission Ins. Co. v. Puritan Fashions Corp.,* 706 F.2cd 599, 602 (5th Cir. 1983).................1, 6, 10

*Mohamed v. Mazda Motor Corp.,* 90 F.Supp. 2nd 757, 760 (E.D. Tex. 2000)............................16

*Pac. Employers Ins. Co. v. M/V Capt. W.D. Cargill,* 751 F.2d 801, 804 (5th Cir. 1985) ...............9

*PAJ, Inc. v. Yurman Design, Inc.,* No. 3.98-CV-2847-P, 1999 WL 68651, 2
(N.D. Tex. Feb. 9, 1999)............................................................................................................6, 8

*Peteet v. Dow Chem. Co.,* 868 F.2nd 1428, 1436 (5th Cir. 1989) .................................................16

*Sherwin-Williams Co. v. Holmes County,* 343 F.3d 383, 391 (5th Cir. 2003)...............................10

*Travelers Ins. Co., v. La. Farm Bureau Fed.,* 996 F.2d 774, 778 (5th Cir. 1993)..........................8

*Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964) ...................................................................11, 12

## RULES AND STATUTES

FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) ...................................... vi, vii, 4, 6, 16, 17

28 U.S.C. §1404(a)  .................................................................................2, 3, 10, 11, 12, 17, 18

28 U.S.C. §2201.................................................................................1, 3, 7, 8, 10, 17, 18

49 U.S.C. §14706(a)(1)...................................................................................11

## STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING

Plaintiff, Am-Can Transport Services, Incorporated, is a motor carrier authorized to transport property in Interstate Commerce. Plaintiff took delivery of property in good condition from Defendant Kemet Electronics Corporation in South Carolina, but failed to deliver the property to Kemet in good condition in Brownsville, Texas. Am-Can filed an anticipatory Declaratory Judgment Action in this Court on March 30, 2004, seeking a declaration that Defendants, Kemet Electronics Corporation and Allianz Global Risks US Insurance Company, are barred from any recovery arising out of the damage to Kemet's property for failing to meet an alleged contractual notice of claim requirement. Discovery has not begun and Defendants filed this Motion before the time to answer Plaintiff's Original Complaint.

**TO THE HONORABLE JUDGE OF SAID COURT:**

COME NOW, Defendants Kemet Electronics Corporation, improperly named as "Kemet Corporation," ("Kemet") and Allianz Global Risks US Insurance Company, formerly known as Allianz Insurance Company ("Allianz Global Risks") (collectively "Defendants"), and file this their Brief in Support of Motion to Dismiss Pursuant to Rule 12(b)(6), or Alternatively, Motion to Transfer Venue as follows:

**I.**

**STATEMENT OF THE ISSUES TO BE RULED UPON BY THE COURT**

**I.     Am-Can's Original Complaint Should Be Dismissed Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and 28 U.S.C. §2201.**

Defendants request this Court dismiss Am-Can's Original Complaint as an anticipatory declaratory judgment action. Am-Can's Original Complaint was filed only after Defendants notified Am-Can of their intention to file a lawsuit if the claim could not be resolved amicably. Therefore, this anticipatory declaratory judgment action should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or this Court's power to dismiss a declaratory judgment action pursuant to 28 U.S.C. §2201. *See 909 Corp. v. Village of Bolingbrook Police Pension Fund*, 741 F.Supp. 1290, 1292 (S.D. Tex. 1990); *see also Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2cd 599, 602 (5th Cir. 1983).

**Standard of Review**

The standard of review for a dismissal under Rule 12(b)(6) is de novo. *Black v. Warren*, 134 F.3d 732, 733-734 (5th Cir. 1998). The standard of review for a dismissal under 28 U.S.C. §2201 is an abuse of discretion. *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 602 (5th Cir. 1983).

**II.     Alternatively, This Lawsuit Should Be Transferred to The United States District Court of South Carolina Pursuant to 28 U.S.C. §1404(a).**

Alternatively, Defendants request this Court determine the United States District Court for the District of South Carolina is a more convenient forum and transfer venue to that District. Venue is more convenient in the District of South Carolina because (1) Plaintiff could have filed its lawsuit there, (2) there is a pending action in the District of South Carolina that will fully dispose of this matter, (3) the District of South Carolina is more convenient for the parties and the witnesses, and (4) the interests of justice would be better served in that District. *McGinnis v. Eli Lilly & Co.*, 181 F.Supp. 2d 684, 687 (S.D. Tex. 2002); *Houston Trial Reports, Inc. v. LRP Publications, Inc.*, 85 F.Supp. 2d 663, 668 (S.D. Tex. 1999).

**Standard of Review**

The standard of review for a Motion to Transfer Venue pursuant to 28 U.S.C. §1404(a) is an abuse of discretion. *In re Horseshoe Entm't*, 337 F.3d 429, 432 (5th Cir. 2003).

**II.**

**SUMMARY OF THE ARGUMENT**

**I.      Plaintiff Filed This Lawsuit In Anticipation Of Defendants' Lawsuit.**

1.      Plaintiff's Original Complaint is blatant forum shopping and the epitome of an anticipatory declaratory judgment action. Plaintiff knew Defendants would file a lawsuit if the claim could not be resolved. Instead of discussing settlement with Defendants, Plaintiff filed this anticipatory declaratory judgment action to deprive Defendants of their right to choose the forum for this litigation. Am-Can's Complaint does not allege any cause of action against Defendants. Instead, Am-Can raises a single defense to the anticipated lawsuit by Kemet and Allianz Global Risks. Moreover, Am-Can failed to attach the purported "contract of carriage..., applicable tariffs, rules, regulations and classifications" to its Complaint. Am-Can's Original Complaint is an improper use of the Declaratory Judgment Act and should be dismissed pursuant to Rule 12

(b)(6) of the Federal Rules of Civil Procedure and this court's power to dismiss a declaratory judgment action pursuant to 28 U.S.C. §2201.

## II.   Alternatively, The District Of South Carolina Is A More Convenient Forum And This Case Should Be Transferred to South Carolina.

2.     Alternatively, the District Court of South Carolina is the most convenient forum for all parties. Plaintiff and Defendant Kemet Electronics Corporation are both South Carolina-based corporations. The key witnesses and evidence related to the single defense raised by Plaintiff are also located in South Carolina. The Southern District of Texas has only a minimal connection to this lawsuit and it would be inconvenient for two sophisticated South Carolina-based corporations to litigate this action in the Southern District of Texas. Therefore, if this Court decides not to dismiss this case, it should be transferred to the United States District Court for the District of South Carolina pursuant to 28 U.S.C. §1404(a).

## III.   Request For Limited Discovery.

3.     In the event the Court determines there is insufficient evidence to determine whether this case should be dismissed or transferred, Defendants request the court order limited discovery to allow a more complete determination of whether this case should be transferred to South Carolina.

## III.
## FACTUAL BACKGROUND

4.     On April 10, 2003, Am-Can took possession of a shipment of property at Kemet's Simpsonville, South Carolina warehouse. Am-Can was hired to deliver Kemet's cargo to Brownsville, Texas subject to a bill of lading signed by both parties. On April 11, Am-Can's driver lost control of his truck near Kingsville, Texas and damaged Kemet's property. The majority of Kemet's property was ejected onto the highway.

5.    On February 4, 2004, Defendants' counsel sent a demand letter to Am-Can to recover Defendants' damages and notified Plaintiff that Defendants would file a lawsuit against Am-Can if the claim could not be resolved. (Exhibit "A", Appendix P. 02, ¶2).

6.    On February 9, 2004, Defendants' counsel spoke with attorney Charles Sweetman, Am-Can's counsel, to discuss the possible resolution of this matter. (See Bull Affidavit Exhibit "B", Appendix P. 04, ¶4.a.). Defendants offered to provide Am-Can with the information it needed to adjust the loss. (See Affidavit Exhibit "B", Appendix P. 04, ¶4.a.). Although Charles Sweetman admitted Kemet's cargo had been damaged when Am-Can's driver lost control of his truck, he disputed the amount of damages Defendants claimed from the loss. (See Bull Affidavit Exhibit "B", Appendix P. 04, ¶4.a.). During this conversation, Charles Sweetman said he would request a list of documents Am-Can and its liability insurer needed to further investigate the claim. (See Bull Affidavit Exhibit "B", Appendix P. 04, ¶4.a.).

7.    During a February 13, 2004 telephone call, Charles Sweetman told Defendants' counsel that he or Am-Can's liability insurer, RLI Transportation Insurance Company ("RLI"), would provide a list of information needed to investigate the claim further by February 23 or 24, 2004. (See Bull Affidavit Exhibit "B", Appendix P. 04, ¶4.b.) Charles Sweetman also told Defendants' counsel to call him back if the request was not received by then. (See Bull Affidavit Exhibit "B", Appendix P. 04, ¶4.b.).

8.    On February 17, 2004, Defendants' counsel followed up with another letter to Charles Sweetman to "help more quickly and efficiently resolve this matter." (Exhibit "C", Appendix P. 10, ¶1). Defendants offered to meet with Charles Sweetman and his client to

inspect the damaged items, provide any requested documents, and interview any relevant witnesses. (Exhibit "C", Appendix P. 10, ¶2).

9.     After not receiving a response to the February 17, 2004 letter, Defendants' counsel contacted Charles Sweetman and was told that RLI had decided to take the file back from him and that he would tell RLI's adjuster to contact Defendants' counsel about resolving this matter. (See Bull Affidavit Exhibit "B", Appendix P. 04, ¶4.d.).

10.     Unaware that this lawsuit had been filed the day before, Defendants' counsel sent a letter on March 31, 2004 to Charles Sweetman noting that RLI had not contacted Defendants' counsel. (Exhibit "D", Appendix P. 11). Defendants' counsel requested permission to contact RLI's adjuster directly, "[i]n the interests of resolving this matter as quickly as possible." (Exhibit "D", Appendix P. 11).

11.     On March 30, 2004, Plaintiff filed the present declaratory judgment action seeking a ruling that its single alleged defense bars any claims by Defendants against Am-Can. Am-Can seeks no recovery in its Original Complaint.

## IV.
## ARGUMENTS AND AUTHORITIES

### A.     Am-Can Filed This Declaratory Judgment Action In Anticipation Of A Lawsuit By Kemet And Allianz Global Risks.

12.     Am-Can filed this declaratory judgment action in anticipation of Defendants' lawsuit to gain Am-Can's choice of forum before Defendants filed their lawsuit. Am-Can filed its Original Complaint solely to gain a procedural advantage and preempt Defendants' choice of forum. A plaintiff is not entitled to misuse the Declaratory Judgment Act to secure a more favorable forum and a Court should dismiss a Complaint under Rule 12(b)(6) if it finds a

Complaint was filed as an anticipatory declaratory judgment action. *See 909 Corp. v. Village of Bolingbrook Police Pension Fund,* 741 F.Supp. 1290, 1292 (S.D. Tex. 1990). Accordingly, Am-Can's declaratory judgment action should be dismissed.

13.    The Southern District has previously dismissed a lawsuit under almost identical facts pursuant to Rule 12(b)(6) after finding the lawsuit was filed as an anticipatory declaratory judgment. *Id.* Am-Can's Original Complaint is the textbook example of an anticipatory filing and should be dismissed.

14.    Defendants' February 4, 2004 letter to Am-Can demanded payment for Kemet's damages, or "a lawsuit will be filed against Am-Can for the full amount of the damages." (Exhibit "A", Appendix P. 02, ¶2). Am-Can's counsel initially claimed he was willing to exchange information in an attempt to fully evaluate the claim. Several weeks passed when Am-Can's counsel finally told Defendants he was no longer handling the claim, but the adjuster handling the claim would contact Kemet's counsel. (See Bull Affidavit Exhibit "B", Appendix P. 04, ¶4.d.). Instead of replying to Defendants' demands, Am-Can filed this declaratory judgment lawsuit. "Such motives have been found to constitute a 'rush to the courthouse' and grounds for dismissal of a declaratory judgment suit." *PAJ, Inc. v. Yurman Design, Inc.*, No. 3.98-CV-2847-P, 1999 WL 68651, at \*2 (N.D. Tex. Feb. 9, 1999) (citing *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 602 (5th Cir. 1983)) (Exhibit "E", Appendix P. 14); *also Granite State Ins. Co. v. Tandy Corp.*, 986 F.2d 94, 96 (5th Cir. 1992). A party is not entitled to secure a more favorable forum by filing a declaratory judgment action "when it had notice that the other party intends to file suit involving the same issues in a different forum." *909 Corp. v. Village of Bolingbrook Police Pension Fund*, 741 F.Supp. 1290, 1292 (S.D. Tex. 1990); *see also Amerada Petroleum Corp. v. Marshall*, 381 F.2d 661, 663 (5th Cir. 1967).

15.    In *909 Corporation*, the defendant sent a letter to the plaintiff demanding a refund for an unauthorized investment or a lawsuit would be filed.    741 F.Supp. at 1291. Approximately seven weeks later, the plaintiff filed a declaratory judgment lawsuit in the Southern District of Texas.    One month after that lawsuit was filed, the defendant in the declaratory judgment lawsuit filed a lawsuit in the Northern District of Illinois seeking a refund from the declaratory plaintiff.    Judge Hittner dismissed the declaratory judgment action filed in the Southern District of Texas based solely on the fact it was an anticipatory lawsuit despite the fact the declaratory judgment action was the first filed lawsuit. *Id.* The case before this Court is almost identical to *909 Corporation*: Defendants sent a demand letter that stated a lawsuit would be filed if the matter was not settled; approximately seven weeks later Plaintiff filed this anticipatory declaratory action seeking to secure a more favorable forum by engaging in a race to the courthouse.    Am-Can's declaratory judgment action is blatant forum shopping and should not be tolerated.    Thus, Am-Can's Original Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See id.* at 1293.

**B.    Am-Can's Complaint Should Be Dismissed Pursuant To This Court's Power Prescribed By 28 U.S.C. §2201(a).**

16.    A federal district court has broad discretion to grant or refuse declaratory relief. *See* 28 U.S.C. §2201; *Brillhart v. Excess Ins. Co. of Am.,* 316 U.S. 491, 494 (1942).    Courts have considered the following six factors to determine whether to hear a declaratory judgment action: "(1) whether there is a pending . . . court action in which all of the matters in controversy may be fully litigated; (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; (3) whether the plaintiff engaged in forum shopping in bringing the suit; (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist; (5) whether the federal court is a convenient forum for the parties and witnesses;

and (6) whether retaining the lawsuit . . . would serve the purposes of judicial economy." *PAJ, Inc. v. Yurman Design, Inc.*, No. 3.98-CV-2847-P, 1999 WL 68651, 2 (N.D. Tex. Feb. 9, 1999) (quoting *Travelers Ins. Co., v. La. Farm Bureau Fed.*, 996 F.2d 774, 778 (5th Cir. 1993)) (Exhibit "E", Appendix P. 13). All of these factors weigh in favor of dismissing Am-Can's Original Complaint pursuant to this Court's authority under 28 U.S.C. §2201.

**(1)   There Is A Pending Action In South Carolina Where All Matters May Be Litigated.**

17.   There is a pending action in another court that will fully dispose of all the matters in controversy. Defendants filed a lawsuit in the United States District Court in South Carolina on April 16, 2004, to recover the damages caused by Am-Can's actions. (Exhibit "F", Appendix P. 16-19). The South Carolina action will properly and finally dispose of *all claims* between the parties; not simply determine the validity of the single defense, which forms the basis of Plaintiff's declaratory judgment action in this Court.

**(2)   Plaintiff Am-Can Filed Its Original Complaint In This Court In Anticipation Of A Lawsuit.**

18.   Am-Can filed this lawsuit only after receiving a demand letter threatening a lawsuit if the claim could not be resolved amicably. As documented more thoroughly above in Section A, Am-Can's claim was nothing more than blatant forum shopping by filing this lawsuit after Defendants' threatened to file a lawsuit against Am-Can. Am-Can's actions should not be tolerated and its Original Complaint should be dismissed. *See 909 Corp.* at 1293.

**(3)   Am-Can's Declaratory Judgment Action Was Blatant Forum Shopping.**

19.   Am-Can knew Defendants' intended to file a lawsuit if the claim could not be amicably resolved. Instead of allowing the true plaintiffs (Kemet and Allianz Global Risks) to file this lawsuit, Am-Can has attempted to choose the forum for this litigation through this

Declaratory Judgment Action. Am-Can only asserted a single defense and has not requested any relief other than this defense. Am-Can's actions are a willful attempt to control the forum of the Defendants' litigation and should not be tolerated. *See Pac. Employers Ins. Co. v. M/V Capt. W.D. Cargill*, 751 F.2d 801, 804 (5th Cir. 1985).

### (4)    Retaining This Declaratory Judgment Action Provides Am-Can With An Inequitable Precedence In The Forum It Chose.

20.    Allowing this declaratory judgment action to proceed provides Am-Can with an inequitable and undeserved preference in time and forum. Defendants made repeated attempts to resolve this matter amicably without litigation. Plaintiff initially agreed to Defendants' requests to exchange information and discuss settlement. (See Bull Affidavit Exhibit "B", Appendix P. 4, ¶4.a.). It is now evident Plaintiff was simply stalling to gain a procedural advantage by choosing the forum for this litigation. Now, Plaintiff seeks to benefit from its obstructionism and Defendants' good faith efforts to reach a mutually agreeable resolution of this matter. Plaintiff's gamesmanship should not be rewarded.

### (5)    South Carolina Is The Most Convenient Forum For All Parties.

21.    The South Carolina District Court is the most convenient forum for the parties and the witnesses in this action. *E.F. Hutton & Co. v. Cook*, 292 F.Supp. 409, 410 (S.D. Tex. 1968). Both Am-Can and Kemet have their principal places of business in South Carolina. Moreover, Am-Can's claim is based on the contracts, bill of lading, and correspondence between Am-Can and Kemet. All contract negotiations occurred in South Carolina and the contracts, agreements, bills of lading, and witnesses with relevant knowledge are all located in or near Greenville, South Carolina. (See Boone Affidavit, Exhibit "G", Appendix P. 20-21, ¶¶ 3-4). Allianz Global Risks is subrogated to the rights of Kemet and therefore does not change any of

these considerations. Although the accident occurred in the Southern District of Texas, the single defense asserted by Am-Can has no nexus to the Southern District of Texas.

### (6) Retaining The Lawsuit In The Southern District Of Texas Would Not Serve Judicial Economy.

22.    Judicial economy will not be served by maintaining this action in the Southern District of Texas. *Mission Ins. Co.*, 706 F.2d at 602-03. Am-Can's Original Complaint will only determine the validity of the single defense raised by Am-Can. Am-Can can assert this defense and any other defenses in the pending action in the District of South Carolina. (Exhibit "F", Appendix P. 16-19). Allowing this action to proceed in this Court defeats the purpose of the Declaratory Judgment Act to avoid overlapping lawsuits and piecemeal litigation. *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 391 (5th Cir. 2003).

23.    All of the factors considered under 28 U.S.C. §2201 weigh in favor of dismissing Am-Can's Complaint. Accordingly, this Court should dismiss Plaintiff's Original Complaint pursuant to the authority provided pursuant to 28 U.S.C. §2201.

### C. Pursuant to 28 U.S.C. §1404(a) this Action Should Be Transferred To South Carolina.

24.    The convenience of the parties and the interests of justice, favor transferring this case to the United States District Court for the District of South Carolina in accordance with 28 U.S.C. §1404(a). Am-Can does not reside in Texas and none of the operative facts occurred in Texas. There are no significant witnesses, documents, or parties located in Texas. Furthermore, litigation of all issues in one place, before one court, would better serve the end of efficient litigation and substantial justice. This dispute between two South Carolina-based corporations should be decided in South Carolina.

25.     This lawsuit should be transferred to the United States District Court for the District of South Carolina, Greenville Division, pursuant to 28 U.S.C. §1404(a), which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The purpose of §1404(a) "is to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense . . .'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

### (1)     Plaintiff Could Have Filed This Action In The District Of South Carolina.

26.     In order to transfer a case under §1404(a), a court must find that the action could have been brought in the desired district of transfer. *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003). A District Court is a forum in which suit "might have been brought" if both jurisdictional and venue requirements are satisfied. *Id.* Here, a court sitting in South Carolina has subject matter jurisdiction and personal jurisdiction over all parties. Am-Can and Kemet maintain their principal places of business in South Carolina and Allianz Global Risks conducts business in South Carolina. Venue is proper in South Carolina pursuant to the Carmack Amendment, 49 U.S.C. §14706(d)(1), because Am-Can was the delivering carrier for the shipment of property at issue, and Am-Can operates in the District of South Carolina. *See* 49 U.S.C. §14706(d). Moreover, Am-Can took delivery of the property made the basis of this lawsuit and signed the bill of lading in the District of South Carolina, Greenville Division. The South Carolina courts can properly maintain jurisdiction and venue over the parties to this litigation. Thus, this Court is fit to weigh the private and public interest factors contemplated in 28 U.S.C. §1404(a), in order to determine if those interests require transfer to the District of South Carolina.

27.     Once a court determines the plaintiff could have filed the action in the judicial

district to which transfer is sought, the court can then balances relevant factors to determine if

the convenience of the parties and the witnesses and the interests of justice weigh in favor of

transfer.  The convenience of the parties and the interests of justice weigh heavily in favor of

transferring this case to the District of South Carolina.

**(2)     Transfer Would Serve The Convenience Of The Parties And Witnesses And The Interests Of Justice.**

28.     The factors that a court must consider when deciding a motion to transfer venue

are (1) the convenience of the parties and the witnesses, and (2) the public interest in the fair and

efficient administration of justice.  28 U.S.C. §1404(a).  Such determination requires a case by

case evaluation.  *Houston Trial Reports, Inc. v. LRP Publ'ns, Inc.*, 85 F.Supp. 2d 663, 668 (S.D.

Tex. 1999) (quoting *Van Dusen*, 376 U.S. at 622).

**a.      The Convenience Factors Weigh In Favor Of Transfer To South Carolina.**

29.     The following convenience factors are considered relevant when considering a

motion to transfer:  (1) the location of pertinent books and records; (2) the availability and

convenience of the key witnesses; (3) the availability and convenience of the parties; (4) the

place of the alleged wrong; and (5) the possibility of delay and prejudice if transfer is granted.

*McGinnis v. Eli Lilly & Co.*, 181 F.Supp. 2d 684, 687 (S.D. Tex. 2002).  As discussed below, the

convenience factors warrant transfer to the District of South Carolina.

**i.      Relevant Books And Records Are Located In South Carolina.**

30.     In Plaintiff's Declaratory Judgment action, the key issues will involve contract

interpretation and communications between the parties.  Am-Can is based in South Carolina and

does not maintain an office in Texas and all of Kemet's relevant documents are located in South

Carolina. Kemet maintains its corporate documents at its Greenville, South Carolina facility. (Boone Affidavit, P. 21, ¶4). Thus, all of the documents related to these matters can be found in South Carolina.

ii.    **Availability And Convenience Of Key Witnesses Favors South Carolina.**

31.    Convenience of the key witnesses is the most important factor in considering a motion under §1404(a). *McGinnis*, 181 F.Supp. 2d at 687. The majority of the witnesses who will be essential to resolving the disputes in this action reside and work in South Carolina.

32.    Defendants expect to call several witnesses to testify regarding the agreements between Am-Can and Kemet and the communications between the parties regarding the loss. These witnesses include Michael Boone, Treasurer and Secretary for Kemet who gathered and supplied information documenting the loss; Ted Green, Traffic Manager for Kemet who was first notified of the damage to Kemet's property by Am-Can; C.S. Elingburg, former Technical Buyer for Kemet who signed the contract with Am-Can; and Glen Dean, warehouse worker who loaded the property at issue in this litigation and signed the applicable bill of lading for Kemet. All of these witnesses are essential to the Defendants' presentation of its case, and all reside or work in South Carolina. Moreover, upon information and belief, all of Am-Can's witnesses reside in South Carolina including but not limited to Swain Thompson, the president of Am-Can who was involved in both the negotiation of the contract between Kemet and Am-Can and the handling of this claim. Additionally, Am-Can employee Steve Schaeffer has knowledge regarding the damaged property and he also resides in South Carolina.

33.    Transfer for the convenience of witnesses to the district, where the Defendant is located, is particularly appropriate in this case because the primary issue will be the terms and

conditions associated with the agreements between Am-Cam and Kemet. This information will come from Kemet, Am-Cam, their records, and the testimony of the witnesses closely associated with the contracts between the two. In fact, courts in this district and other districts within the Fifth Circuit have routinely granted motions to transfer venue for the convenience of witnesses when the defendant company, its officers, and its employees were located in the transferee district. *See McGinnis*, 181 F.Supp. 2d at 691.

34.    The facts of this case warrant a transfer to the District of South Carolina, Greenville Division for the convenience of the witnesses. Kemet is a Delaware corporation with its principal place of business in Greenville, South Carolina, and the majority of its employees reside in the District of South Carolina. (See Boone Affidavit, Appendix P. 20, ¶3). The employees will testify regarding the terms and conditions agreed to by Kemet. Moreover, Am-Can is a South Carolina corporation with its principal place of business in South Carolina and the majority, if not all, of its employees reside in South Carolina. (See  Am-Can's Original Complaint, Exhibit "H", Appendix P. 22, ¶ 1.1).

35.    The only potential witnesses that reside in Texas are witnesses to the damaged property and subsequent handling of the property.  However, these witnesses are only tangentially connected to this case. The Original Complaint filed by Am-Can concerns whether the terms of the agreement between Kemet and Am-Cam include a time-notice requirement. (See Am-Can's Original Complaint, Exhibit "H", Appendix P. 23-24 ¶ 3.8-3.9).  There are no witnesses in Texas that have any personal knowledge regarding these agreements and should not be considered in deciding whether transfer is appropriate. *Dupre v. Spanier Mar. Corp.*, 810 F.Supp. 823, 826 (S.D. Tex. 1993).  Accordingly, in order to protect the witnesses against

unnecessary inconvenience and expense, this lawsuit should be transferred to the United States District Court of South Carolina.

### iii. Availability And Convenience Of The Parties Favors South Carolina.

36.     None of the parties are citizens of Texas let alone this district.  Kemet is a Delaware corporation with its principal place of business in the District of South Carolina, Greenville Division near the vast majority of the alleged events underlying Plaintiff's claim. (See Boone Affidavit, Appendix P. 20, ¶3).  Am-Can is also a citizen of the District of South Carolina.  (See Am-Can's Original Complaint, Exhibit "H", Appendix P. 22 ¶ 1.1).  Thus, the District of South Carolina is even more convenient for Am-Can.  Furthermore, the South Carolina litigation raises broader issues, some of which were first filed in South Carolina. Therefore, the convenience of the parties weighs in favor of transferring the case to South Carolina.

### iv. The Place Of The Alleged Wrong Is South Carolina.

37.     The District of South Carolina is the place of the alleged wrong.  The place of the alleged wrong is considered an important factor in determining whether to transfer venue. *Dupre*, 810 F.Supp. at 827.  Am-Can alleges Kemet failed to timely provide Am-Can with adequate notice of a claim.  Although Am-Can did not attach the purported agreements it relies on, all agreements between Kemet and Am-Can related to this lawsuit were created and negotiated in South Carolina.  Communications regarding notice of the claim by Kemet also occurred in South Carolina.  Thus, the place of the alleged wrong is in South Carolina.

### v.    There Is No Possibility Of Delay Or Prejudice If Transfer Is Granted.

38.    The transfer of this case to the District of South Carolina would cause no delay in the trial of this case. A party acting to transfer should act with "reasonable promptness." *Peteet v. Dow Chem. Co.*, 868 F.2nd 1428, 1436 (5th Cir. 1989). Am-Can filed this lawsuit on March 30, 2004. No discovery has been conducted, nor have any motions been filed other than this Motion. This case is in its infancy. Moreover, a lawsuit has been filed in South Carolina that will resolve all issues between the parties. Thus, Defendants acted with reasonable promptness in filing this motion.

### b.    The Public Interest Factors Also Favor Transfer To South Carolina.

39.    Transferring venue to the District of South Carolina also serves the interests of justice and efficient administration. An important public factor that favors transferring venue is the lack of local interest in adjudicating this dispute. *Mohamed v. Mazda Motor Corp.*, 90 F.Supp. 2nd 757, 760 (E.D. Tex. 2000). This public interest factor weighs heavily in favor of transfer to South Carolina.

40.    There is only a remote connection between Plaintiff's claims and the Southern District of Texas. No citizen of this District or even Texas was injured, and Plaintiff's declaratory judgment action does not even allege Am-Can suffered an injury. Plaintiff has only raised a single defense to Defendants anticipated claims.

41.    All agreements between Kemet and Am-Can related to this claim were created in Greenville, South Carolina and most of the communications between the parties occurred outside of Texas. Therefore, the Brownsville community's interest is peripheral at best, because the primary witnesses and alleged acts at issue in this case have no connection with Brownsville,

---

Texas other than the fact that Am-Can damaged Kemet's property in that jurisdiction, which is undisputed. This Court should not burden Texas residents to decide a case that has little or nothing to do with Texas. *See Lindloff v. Schenectady Int'l*, 950 F.Supp. 183, 186 (E.D. Tex. 1996). This case involves a dispute between two South Carolina-based corporations and it can be litigated in the District of South Carolina. The lack of local interest in adjudicating this dispute weighs heavily in favor of transferring this matter to South Carolina.

42.    For the foregoing reasons, under 28 U.S.C. §1404(a), Kemet and Allianz Global Risks respectfully request that the Court transfer this action to the District of South Carolina.

## V.
## REQUEST FOR LIMITED DISCOVERY

43.    If the Court denies Defendants' Motion to Dismiss and determines there is insufficient evidence to rule on Defendants' Motion to Transfer, Defendants request the Court allow the parties to conduct limited discovery for the purpose of determining the most convenient venue to litigate this case. This limited discovery will help crystallize the fact that the District of South Carolina is the most convenient forum for this dispute between two South Carolina-based corporations.

## VI.
## CONCLUSION

44.    Am-Can filed this declaratory judgment action only after Defendants threatened to file a lawsuit against Am-Can. Filing an anticipatory declaratory judgment is an improper use of the Declaratory Judgment Act and blatant forum shopping by Am-Can. Accordingly, the Court should dismiss Am-Can's Original Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or this Court's power to dismiss a declaratory judgment action pursuant to 28 U.S.C. §2201.

45. Alternatively, the District of South Carolina is a more convenient venue for the witnesses and the parties. In the interests of justice and for the convenience of the witnesses and parties, the Court should transfer this case to the District of South Carolina, Greenville Division, pursuant to 28 U.S.C. §1404(a), where the pending action will dispose of all claims.

46. Alternatively, in the event this Court determines there is insufficient evidence to determine whether or not to dismiss this case or transfer venue, Defendants request the court allow the parties to conduct limited discovery to determine the most convenient forum for this dispute.

## VII.
## PRAYER

Defendants Kemet Electronics Corporation and Allianz Global Risks US Insurance Company request the Court:

1. Issue an order granting Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or this Court's power to dismiss a declaratory judgment pursuant to 28 U.S.C. §2201;

2. Alternatively, transfer this matter to the United States District Court for South Carolina pursuant to 28 U.S.C. §1404(a) ;

3. Alternatively, if the Court denies Defendants' Motions to Dismiss and finds insufficient evidence to determine whether  transfer is proper, order the parties to conduct limited discovery to determine the most convenient forum for litigating this case; and

4. Award Defendants such other and further relief as the Court deems just and equitable.

---

Respectfully submitted,

By: _____

Brett A. Wallingford
Attorney in Charge
State Bar No. 00797618
S.D. No. 28071
**ZELLE, HOFMANN, VOELBEL, MASON & GETTE, L.L.P.**
1201 Main Street, Suite 3000
Dallas, Texas 75202-3975
Telephone: 214-742-3000
Telecopier: 214-760-8994

**OF COUNSEL:**

Kerry K. Brown
State Bar No. 03149880
S.D. No. 13892

**ZELLE, HOFMANN, VOELBEL, MASON & GETTE, L.L.P.**
1201 Main Street, Suite 3000
Dallas, Texas 75202-3975
Telephone: 214-742-3000
Telecopier: 214-760-8994

**ATTORNEYS FOR DEFENDANTS KEMET
ELECTRONICS CORPORATION AND ALLIANZ
GLOBAL RISKS US INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) OR, ALTERNATIVELY, MOTION TO TRANSFER VENUE** has been forwarded via Certified Mail, Return Receipt Requested, on this _19th_ day of April, 2004 addressed as follows:

Charles E. Sweetman, Esq.
**SWEETMAN, SKAGGS & LAWLER, L.L.P.**
855 E. Harrison
Brownsville, TX 78520

_____
Brett A. Wallingford